**John Mark QUAAK, Plaintiff–Appellant**

v.

**Sergeant YEAGER; Mrs. Leveston, Substitute Counselor; Officer Alexandria; Officer Alexandrea; Sergeant Smith; Officer Bookman; Warden Moore; Major Henson; Unit Law Library Security Officer Mrs. James; Senior Warden Rodeshler; Assistant Warden Beard; Captain Houston; Lieutenant Brown; Lieutenant Spi-**

**rey; Lieutenant Smith; Lieutenant Burgus; Unit Grievance Investigator Rivas; Sergeant Moffette; Officer Doaks, Defendants–Appellees.**

No. 12–20231
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 19, 2013.

John Mark Quaak, Amarillo, TX, pro se.

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

John Mark Quaak, Texas prisoner # 1436525, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights lawsuit as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B). We review the dismissal for abuse of discretion. *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997).

Quaak first asserts the district court committed error by dismissing his case without providing him an opportunity to amend his complaint. The assertion is factually frivolous. Quaak filed two amended complaints in the district court, and he was further able to develop his claims through his response to the district court's order for a more definite statement. His contention that the district court failed to liberally construe his pleadings, falsified docket entries, and main-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tained prejudice against him is wholly conclusional and unsupported by the record.

The majority of Quaak's appellate brief is devoted to a restatement of his claims that his due process rights were violated when he was falsely charged with a disciplinary infraction and when he was denied his personal property in prehearing detention. He also alleges his due process rights were violated at a disciplinary hearing.

Further, Quaak claims that counsel-substitute was ineffective, Sergeant Yeager used excessive force when handcuffing him for no reason before taking him to prehearing detention, the defendants were deliberately indifferent to his health and safety, his grievances were wrongly denied, the Ferguson Unit defendants' conduct violated prison policies, and the Terrell Unit defendants denied him indigent supplies.

Nonetheless, Quaak identifies no error in the district court's reasons for dismissing these claims. Although this court liberally construes *pro se* briefs, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), appellants must brief arguments in order to preserve them. *Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993). By failing to identify any error in the district court's basis for dismissing those claims as frivolous, Quaak has abandoned any challenge he might have raised regarding their dismissal. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.1987).

Quaak does contend that the denial of his legal papers in prehearing detention violated his right of access to the courts, and he challenges the district court's determination that he failed to establish the requisite injury. Specifically, he asserts that the inability to access his legal mail had "long range implication[s]" in his state-court custody case, and he further asserts that he was unable to "contact friends, family, or judicial people to obtain relief." These assertions directly contradict his statement in the district court that he suffered no injury as a result of being denied his legal mail. Moreover, even accepting his new allegation of injury as true, the claim was properly dismissed because such injury is insufficient to establish a constitutional claim. *C.f. Lewis v. Casey,* 518 U.S. 343, 354–57, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

For the first time on appeal, Quaak asserts that unspecified prison officials have harassed and retaliated against him for filing the instant lawsuit, that he is being denied indigent supplies by officials in the Neal Unit in retaliation for having filed suits and grievances, and that he has been falsely charged with a disciplinary infraction again. We do not consider these new claims. *See Leverette v. Louisville Ladder Co.,* 183 F.3d 339, 342 (5th Cir.1999).

Also, Quaak challenges the district court's refusal to appoint counsel. The district court did not abuse its discretion in denying counsel as there were no exceptional circumstances warranting such appointment. *See McFaul v. Valenzuela,* 684 F.3d 564, 581 (5th Cir.2012); *see also Ulmer v. Chancellor,* 691 F.2d 209, 212 (5th Cir.1982). For the same reason, Quaak's appellate motion for the appointment of counsel is denied. *See Cooper v. Sheriff, Lubbock Cnty., Tex.,* 929 F.2d 1078, 1084 (5th Cir.1991).

Quaak's appeal is without arguable merit and is dismissed as frivolous. *See Howard v. King,* 707 F.2d 215, 219–20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal as frivolous each count as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir.1996). We

caution Quaak that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED; MOTION FOR THE APPOINTMENT OF COUNSEL DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.